**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SALVATORE P. CORDOVANO,**

    **Plaintiff,**

vs.                                                       Case No. 4:14cv8-MW/CAS

**DEPARTMENT OF CORRECTIONS,
et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed in forma pauperis, doc. 2. The in forma pauperis motion was granted in a separate order entered this day. Thus, the complaint has now been reviewed as is required by 28 U.S.C. § 1915A.

    Plaintiff's complaint alleges that the Department of Corrections has violated a state "statute that predicates an 'inmate' must be housed near his or her residence or county of commitment." Doc. 1 at 9. It appears that Plaintiff requested a transfer to be closer to home, which he contends the Department misconstrued as a request to be closer to his residence upon release. *Id.* Plaintiff argues that his due process rights

have been violated in the Department's failure to comply with FLA. STAT. § 944.611.[1] *Id.* at 11. Plaintiff also contends that he has been subjected to cruel and unusual punishment. *Id.*

It is well established that § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002), *quoted in* March v. Dep't of Children and Families, No. 2:03cv162, 2006 WL 2644917 (M.D. Fla. Sept. 14, 2006). It is also well settled that a violation of state law does "not give rise to a viable substantive due process claim." Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995) (citing Collins v. City of Harker Heights, Texas, 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)); *see also* Dean v. Escambia Cnty., No. 3:05cv29/LAC/MD, 2005 WL 927387 (N.D. Fla. Apr. 20, 2005) (holding that "[a]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution."). McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994). Thus, even assuming the Department of Corrections failed to comply with § 944.611, it would not be a violation of the federal Due Process clause.

However, Plaintiff's argument that state law requires that he be incarcerated close to his home is incorrect. Section 944.611 states a preference and desire that an

---

[1] One relevant portion of this statute provides: "(1) It is desirable that each inmate be confined in and released from an institution or facility as close to the inmate's permanent residence or county of commitment as possible, in order to lessen the transportation expense to the public." FLA. STAT. § 944.611(1). Another provision states: "It is the intent of the Legislature that: (a) To the extent possible, an inmate be returned, upon release, to the same area from which the inmate was committed." FLA. STAT. § 944.611(2)(a).

inmate by housed close to his residence, but it does not mandate such placement. It is suggestive only. See Clark v. McNeil, No. 5:08cv186, 2008 WL 4999224, at *2 (N.D. Fla. Nov. 20, 2008) (finding that a prisoner has no protected right to be incarcerated at any particular institution or region), *cited in* Johnson v. McNeil, No. 5:08cv286, 2009 WL 2589109, at *2 (N.D. Fla. Aug. 19, 2009) (holding that § 944.611 does not establish a protected interest for a Florida inmate to be housed or transferred "to a correctional institution closer to his home."). Housing assignments are within the discretion of prison officials based on a variety of concerns and courts are not appropriate arbiters for resolving a dispute on the location selected to house a particular inmate. State law does not require that Plaintiff be housed in a specific prison or region.

Nor does Plaintiff have a right under the federal Constitution to be incarcerated in a particular institution or location. Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976); *see also* Moore v. United States Attorney General, 473 F.2d 1375 (5th Cir. 1973) (the desire to be transferred to a prison closer to family and friends is not a cognizable federal claim); Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983) (same). Both Meachum and Montanye held that intrastate prison transfers did not implicate the prisoners' due process rights. Shortly thereafter, the Supreme Court held in Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983), that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause. Prisoners simply do not have the right to remain incarcerated within a particular geographic area. Meachum, 427 U.S. at 224, 96 S. Ct. at 2538. Thus, Plaintiff has no right to be housed

or transferred to a specific prison or location and he has failed to demonstrate the violation of his constitutional rights. This case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 23, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**